**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **PATRICK HIGGINS, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **v.** | |
| **GORDON FOOD SERVICE STORE LLC,** | |
| **Defendant.** | |

Plaintiff Patrick Higgins ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Pitt, McGehee, Palmer, Bonanni & Rivers, P.C. and Shavitz Law Group, P.A., upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who have worked as Assistant Managers ("AMs") for Gordon Food Service Store LLC ("Gordon Food" or "Defendant") anywhere in the United States.

2.      Plaintiff brings this action to recover unpaid overtime compensation for himself and similarly situated AMs as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

3.      Plaintiff also brings this action to recover unpaid overtime compensation for himself and similarly situated Ohio AMs as a Fed. R. Civ. P. 23 class action under the Ohio Revised Code §§ 4111.01 *et seq.* (the "Ohio Wage Laws").

4.      Gordon Food is the retail division of Gordon Food Service, which operates

approximately 176 company-owned stores across the country.

5.      Gordon Food classifies its AMs as exempt from the overtime pay requirements under the FLSA and equivalent state laws, including the Ohio Wage Laws.

6.      Gordon Food does not pay Plaintiff and other AMs wages for any overtime hours worked.

7.      Gordon Food's policy and practice directly contravenes the requirements of the FLSA and Ohio Wage Laws because Plaintiff and similarly situated AMs' primary job duties are non-exempt, including stocking shelves and freezers, processing deliveries, working on the cash register, performing customer service, and cleaning the stores.

8.      Gordon Food's policy and practice also is illegal under the FLSA and Ohio Wage Laws.

9.      Gordon Food applies the same scheme to its AMs nationwide.

## THE PARTIES

*Plaintiff Patrick Higgins*

10.     Plaintiff Patrick Higgins is an adult individual who is a resident of Vermillion, Ohio.

11.     Higgins was employed by Gordon Food as an exempt-classified AM in a Gordon Food retail store in Strongsville, Ohio from approximately January 2019 to July 2019.

12.     As an AM, Higgins frequently worked more than 40 hours per week.  Gordon Food typically scheduled Higgins and other AMs to work at least 50 hours per week.

13.     Pursuant to Gordon Food's policy and practice, as an AM, Higgins was not paid an overtime premium for any overtime hours that he worked.

14.    Higgins is a covered employee within the meaning of the FLSA and the Ohio Wage Laws.

15.    A written consent form signed by Higgins is attached hereto as **Exhibit A**.

***Defendant Gordon Food Service Store***

16.    Gordon Food Service Store is a Delaware limited liability company with its principal place of business in Grand Rapids, Michigan.

17.    Gordon Food is a covered employer within the meaning of the FLSA and the Ohio Wage Laws.

18.    At all times relevant, Gordon Food maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the compensation, timekeeping, payroll, and other employment practices that applied to them.

19.    Gordon Food applies the same employment policies, practices, and procedures to all AMs at all Gordon Food stores, including policies, practices, and procedures with respect to compensation.

20.    At all times relevant, Gordon Food's annual gross volume of sales made, or business done was not less than $500,000.

## JURISDICTION AND VENUE

21.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

22.    Plaintiff's state law claims are so closely related to his FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

23.    In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

24.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

25.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because Defendant operates there, and a substantial part of the events or omissions giving rise to the claims occurred in this district.  Defendant is subject to personal jurisdiction in Michigan.

## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who worked as AMs at Gordon Food stores nationwide, who elect to opt-in to this action (the "FLSA Collective").

27.     Plaintiff and AMs routinely work more than 40 hours in workweeks and are typically scheduled to work at least 50 hours per workweek.

28.     Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and other similarly situated AMs and for misclassifying them as exempt from the FLSA's overtime pay requirements.

29.     Pursuant to Defendant's policies, directives, and procedures, Plaintiff and AMs primarily performed non-exempt job duties including customer service, cleaning, stocking products on shelves and in refrigerators and freezers, processing deliveries, and working on the cash register.

30.     Consistent with Defendant's policy and pattern or practice and pursuant to a corporate policy to minimize labor expenses and increase corporate profits, Plaintiff and the members of the FLSA Collective were not paid an overtime premium for all hours worked above 40 hours in a workweek.

31.     Defendant does not track or record the hours that Plaintiff and AMs worked.

32.     All of the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

33.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

> (a)     willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours per workweek; and
>
> (b)     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

34.     Defendant is aware or should have been aware that federal law required it to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 hours per workweek.

35.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

36.     There are many similarly situated current and former AMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

37.     Similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

38.     Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## <u>OHIO CLASS ACTION ALLEGATIONS</u>

39.     Plaintiff Higgins brings the Second Cause of Action, an Ohio Wage Law claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons

consisting of:

> All persons who work or have worked as an AM at any Gordon Food
> store in Ohio from three years prior to the filing of the Complaint to
> the date of final judgment in this matter (the "Ohio Rule 23 Class").

40.     Excluded from the Ohio Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Ohio Rule 23 Class.

41.     The members of the Ohio Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Higgins, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

42.     Upon information and belief, the size of the Ohio Rule 23 Class is at least 40 individuals.

43.     Defendant has acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ohio Rule 23 Class as a whole.

44.     Common questions of law and fact exist as to the Ohio Rule 23 Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

> (a)     whether Defendant violated the Ohio Wage Laws;
>
> (b)     whether Defendant violated Ohio Wage Laws by classifying Plaintiff and the members of the Ohio Rule 23 Class as exempt and by failing to pay Plaintiff Higgins and the members of the Ohio Rule 23 Class for all hours worked;

(c)    whether Defendant's policy of failing to pay Plaintiff Higgins and the Ohio Rule 23 Class proper overtime compensation was done willfully or with reckless disregard of the law;

(d)    whether Defendant failed to keep true and accurate time records of all hours worked by Plaintiff Higgins and the Ohio Rule 23 Class;

(e)    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

(f)    the nature and extent of class-wide injury and the measure of damages for those injuries.

45.    The claims of Plaintiff Higgins are typical of the claims of the Ohio Rule 23 Class he seeks to represent.

46.    Plaintiff Higgins and all of the Ohio Rule 23 Class Members work, or have worked, for Defendant as AMs.

47.    Plaintiff Higgins and the Ohio Rule 23 Class Members enjoy the same statutory rights under the Ohio Wage Laws, including to be paid for all hours worked and to be paid overtime wages.  Plaintiff Higgins and the Ohio Rule 23 Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the Ohio Wage Laws.  Plaintiff Higgins and the Ohio Rule 23 Class Members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

48.    Plaintiff Higgins will fairly and adequately represent and protect the interests of the members of the Ohio Rule 23 Class.  Plaintiff Higgins understands that as a class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff Higgins recognizes that as a class representative, he must represent and consider the interests of the Ohio Rule 23 Class just as he would represent and consider his own interests. Plaintiff Higgins understands that in decisions regarding the conduct of the litigation and its

possible settlement, he must not favor his own interests over the class.  Plaintiff Higgins recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Ohio Rule 23 Class.  Plaintiff Higgins understands that in order to provide adequate representation, he must be informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify at deposition and/or trial.

49.     Plaintiff Higgins has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Higgins and the Ohio Rule 23 Class Members.

50.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Ohio Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the Ohio Wage Laws, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Ohio Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

51.     This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

## **COMMON CLASS AND COLLECTIVE FACTUAL ALLEGATIONS**

52.     Plaintiff and the members of the Ohio Rule 23 Class ("Class Members") and the FLSA Collective ("Collective Members") worked for Defendant as AMs.

53.     Defendant classified Plaintiff and the Class and Collective Members as exempt workers.

54.     Defendant's policy and practice was that Plaintiff and Class and Collective Members were expected to work more than 40 hours per week.

55.     Defendant was aware that Plaintiff and the Class and Collective Members worked more than 40 hours per workweek, yet Defendant failed to pay them an overtime premium for any of the hours worked over 40 in a workweek.

56.     Plaintiff and the Class and Collective Members primarily performed non-exempt job duties and should have been paid overtime wages for overtime hours worked.

57.     Defendant did not keep accurate records of hours worked by Plaintiff or the Class and Collective Members.  That is, although Plaintiff and Class and Collective Members routinely worked more than 40 hours, Defendant did not record all of those hours worked outside of the store.

58.     Upon information and belief, Defendant did not properly inquire into whether Plaintiff and AMs were properly classified as exempt from the overtime pay requirements of the FLSA and Ohio Wage Laws.

59.     Defendant's refusal to pay Plaintiff and similarly situated AMs overtime wages was pursuant to a corporate policy to minimize labor expenses.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Overtime Wages
### (Brought on behalf of Plaintiff Higgins and the FLSA Collective)

60.     Plaintiff Higgins realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

62.     At all relevant times, Plaintiff Higgins and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

63.     At all relevant times, Defendant employed Plaintiff Higgins and the FLSA Collective.

64.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

65.     At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66.     At all relevant times, Plaintiff Higgins and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

67.     Defendant failed to pay Plaintiff Higgins and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

68.     Defendant's violations of the FLSA have been willful and intentional.  Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Higgins and other similarly situated current and former employees.

69.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

70.    As a result of Defendant's willful violations of the FLSA, Plaintiff Higgins and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

71.    As a result of the unlawful acts of Defendant, Plaintiff Higgins and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**Ohio Wage Laws: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff Higgins and the Ohio Rule 23 Class)**

72.    Plaintiff Higgins realleges and incorporates by reference all allegations in all preceding paragraphs.

73.    Defendant engaged in a widespread pattern, policy, and practice of violating the Ohio Wage Laws, as detailed in this Class and Collective Action Complaint.

74.    At all times relevant, Plaintiff Higgins and the members of the Ohio Rule 23 Class have been employees and Defendant has been an employer within the meaning of the Ohio Wage Laws.

75.    Plaintiff Higgins and the members of the Ohio Rule 23 Class are covered by Ohio Wage Laws and accompanying regulations.

76.    Defendant employed Plaintiff Higgins and the members of the Ohio Rule 23 Class.

77.    Defendant violated Ohio Wage Laws, in relevant part, by failing to pay Plaintiff

- 11 -

Higgins and the members of the Ohio Rule 23 Class overtime compensation as required by the Ohio Wage Laws, including Ohio Rev. Code Ann. §§ 4111.01 *et seq.*, and § 4113.15.

78.     Defendant failed to pay Plaintiff Higgins and the members of the Ohio Rule 23 Class overtime for hours worked over 40 in a workweek.

79.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Higgins and the members of the Ohio Rule 23 Class.

80.     Defendant's violations of the Ohio Wage Laws have been willful and intentional.

81.     Due to Defendant's violations of the Ohio Wage Laws, Plaintiff Higgins and the members of the Ohio Rule 23 Class are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, penalties, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all AMs and similarly situated employees who are presently, or have at any time since three years prior to the filing of this Complaint, up through and including the date of this Court's issuance of court-supervised notice, worked at Gordon Food.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay and any penalties and other damages as permitted by law pursuant to the Ohio Wage Laws;

D.      Certification of the Ohio Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of Plaintiff as a Class Representative for the Ohio Class and counsel of record as Class Counsel;

F.      Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful;

G.      Pre-judgment interest and post-judgment interest;

H.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

I.      A reasonable incentive award for Plaintiff to compensate him for the time and effort he has spent and will spend protecting the interests of other AMs, and the risks he is undertaking;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff herein demand a trial by jury of all issues to the within cause of action.

Respectfully submitted,

PITT, MCGEHEE, PALMER, BONANNI & RIVERS, PC

By:*/s/ Megan A. Bonanni*
Megan A. Bonanni P52079
117 West 4th Street Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mbonanni@pittlawpc.com

- 13 -

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
Tamra Givens*
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Michael Palitz*
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone: (800) 616-4000
mpalitz@shavitzlaw.com

*Attorneys for Plaintiff and the Putative
Class and Collective*

* *Pro hac vice* application forthcoming

Dated: November 3, 2020